The FIDELITY AND CASUALTY COM-
PANY OF NEW YORK, Appellant,

v.

C. T. DAVIS, Appellee.

No. 3689.

Court of Civil Appeals of Texas.

Eastland.

Jan. 26, 1962.

Robert C. Green, Roswald E. Shrull, Crumley & Green, Ft. Worth, for appellant.

Bob L. Wilson, James W. Jameson, Peery & Wilson, Wichita Falls, for appellee.

WALTER, Justice.

This is a workmen's compensation case. C. T. Davis recovered a judgment against The Fidelity and Casualty Company of New York for total and permanent disability benefits.

The insurance company has appealed, contending the court erred in permitting the plaintiff's attorney to read from a medical text book during cross examination of the insurance company's medical witness, when the witness did not recognize the text as an authority, thereby injecting hearsay evidence.

The parties will be referred to as they were designated in the trial court. The plaintiff contends that the defendant's points have not been properly preserved because the objections urged on appeal were not made at the trial. The plaintiff further contends that the evidence was introduced by agreement of the parties.

While cross examining the defendant's medical witness, the plaintiff's lawyer asked him if he was familiar with Dr. R. Glenn Spurling's book on Lesions Of The Lumbar Intervertebral Disc, to which the doctor answered that he was not. The plaintiff's lawyer then asked, "Doctor, don't you agree that lumbar pain without radiation into the leg can, of course, be caused by a ruptured disc?" The defendant's attorney objected to this question. The objection was overruled. The medical witness did not answer the question and plaintiff's lawyer asked a similar question, but it was different in that it inquired about a disc protruding into the midline. This question was answered without objection. Later on, in the cross examination of this same medical witness, plaintiff's counsel asked the following question, "My question is, you can have a ruptured disc in the midline and it won't cause any pain in the leg that will disable a man—". This question was answered without objection.

We are of the opinion the question was proper on cross examination. At the time the question was asked there was nothing in the record to indicate that said question was read out of a book. "When appellant's counsel propounded the question, the language he used became his own, since the language used by him did not reveal any borrowed language or any quotation from any other authority." Lubbock Bus Company v. Pearson, Tex.Civ.App., 277 S.W.2d 186, at page 191 (Writ Ref. N.R.E.).

Plaintiff's lawyer asked the doctor another question which did not reveal any borrowed

language or any quotation from any other authority, which was as follows, "Now, Doctor, this is probably one of the most important questions I'll ask you. In talking about the fact that the symptoms come and go, have complete freedom from pain on occasions, and have new attacks coming and going, don't you agree that there are also more significant explanations based upon sound theory and verified by clinical experience for the intermittency of symptoms?" The medical witness answered, "Well, read what you have there. Maybe there is something in what you say. I don't understand what you say." The defendant's lawyer said, "I'm not making an objection but I want you to read it, and at the same time I want the record to show what you are reading from." Plaintiff's lawyer stated that he was naming the book because he was requested to do so by defendant's attorney. Whereupon, counsel for defendant then objected to plaintiff's lawyer reading from a book that a neurosurgeon wrote that the medical witness did not recognize as authority. The objection was overruled and plaintiff's lawyer thereupon asked another question which did not on it's face reveal any borrowed language from any authority but which was apparently taken from Spurling's book. Our Supreme Court in the case of Bowles et al. v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1 said:

> "When a doctor testifies as an expert relative to injuries or diseases he may be asked to identify a given work as a standard authority on the subject involved; and if he so recognizes it, excerpts therefrom may be read not as original evidence but solely to discredit his testimony or to test its weight."

The defendant's medical witness did not recognize Spurling. It would not have been proper for plaintiff's attorney to read excerpts from the book and ask said witness if he agreed or disagreed with them. It would have been improper to discredit the medical witness' testimony in this manner under the rule announced in Bowles v.

Bourdon. However, the question which the plaintiff's lawyer asked the medical witness before he was instructed by the medical witness to read from the book was entirely proper. The question did not reveal borrowed language or quotations from any authority. The record does not show from what source plaintiff's counsel received assistance and information in framing his question. The text book was not introduced as evidence nor considered as such at the time the question was asked. "Nevertheless, when we use the language in our own way without giving others credit for it, such language becomes our own language." Lubbock Bus Company v. Pearson, 277 S. W.2d 186, at page 191, (Writ Ref. N.R.E.). The defendant's medical witness expressly instructed plaintiff's lawyer to read from the book and defendant's lawyer also told him he wanted him to read from the book and that he was making no objection to it. A party cannot invite and solicit his opponent to introduce evidence, which otherwise might be error, and then object to such evidence. We hold the court did not err in overruling such objection.

Plaintiff's attorney also contends that he had an agreement with the defendant's lawyer concerning Spurling's book. While cross examining one of plaintiff's medical witnesses, counsel for the defendant said, "I have two statements I want to ask you, Doctor. Of course, counsel and I have agreed we are going to read out of the book, Spurling, to the jury, and it's his book incidently." Plaintiff's contention that he had such an agreement is based on this statement. We find it will not be necessary to pass on this question.

We find that similar testimony to the testimony objected to by defendant was offered and received without objection. See Bolstad v. Egleson, Tex.Civ.App., 326 S.W.2d 506, at page 520.

We have examined all of appellant's points and find no merit in them. They are overruled.

Judgment is affirmed.