The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Louise BEISEL, Appellee.

No. 7392.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 21, 1964.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment rendered for Louise Beisel against Travelers Insurance Company based upon a jury verdict in a workman's compensation case. Appeal is perfected upon ten points of error, the first six of which contend the evidence is insufficient to support the jury findings of total temporary incapacity for 240 weeks, or that such findings are against the great weight and preponderance of the evidence.

About December 11, 1960, at 3:00 a. m. Mrs. Beisel, while carrying garbage from the hospital where she worked as a nurse to a disposal container in the service area outside the hospital, slipped on a thick coat of ice, landing on her left side. She received "a couple of minor bruises and skinned places" which she testified were of little significance and injured her left hip and left leg which she alleged and testified led to the disability claimed.

She worked for a few nights after the fall with the help of medication and testified she

then had to quit work because of the disability resulting from the fall. She testified she had been able to work only about one month total from the time of the injury in December 1960 until the date of the trial in August 1963.

Her testimony shows in effect that she had never before received an injury to her hip or leg, had done work for many years that required her to be on her feet, even serving as an electrician during the war. She had lived in Littlefield about forty years, had never, prior to December 11, 1960, been treated for any arthritic condition and had never before had any trouble with her left leg, left hip, low back area, or any other places the record shows were affected by the fall. Her testimony was corroborated by a number of other lay witnesses.

Mrs. Gregory, a nurse who worked with her at the hospital testified she never complained before her injury and that afterwards she had difficulty at times of walking, sometimes stopping and grabbing her hip and turning pale. Her healthy condition before the injury and her disability afterwards were also testified to by Mrs. Floyd Young and Clata Blair Goodwin.

Doctors Kimble, Stafford and Lewis testified for appellant insurance company, Dr. Kimble by deposition and the other two in the courtroom. Dr. Kimble, an orthopedist, diagnosed her as having glateal bursitis and ilo solious tendenitis.

Dr. Stafford, a general practitioner, testified he found no condition in her hip to justify her complaints.

Dr. Lewis, an orthopedist, testified "her pain in her hip now is due to bursitis of the trochanter of the side of the hip." He said he did not know if it was associated with the injury, that it was possible but not probable.

 The issue of disability may be established by the plaintiff alone, even though contradicted by medical testimony. Insurance Company of Texas v. Anderson, Tex.Civ.App., 272 S.W.2d 772 (N.W.H.);

National Life & Accident Co. v. Muckelroy, Tex.Civ.App., 40 S.W.2d 1115 (N.W.H.); Commercial Standard Insurance Co. v. Villa, Tex.Civ.App., 313 S.W.2d 627 (N.R.E.).

"There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent and total disability." Insurance Company of Texas v. Anderson, supra; Traders & General Ins. Co. v. Daniel, Tex.Civ.App., 131 S.W.2d 276 (Writ dismissed, judgment correct). Here the disability found by the jury was much less than total.

"The percentage of disability resulting from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it * * *."

* * * * * *

"We make no attempt to detail the the various species or kinds of evidence which may be pertinent to the issue. It is not, however, necessary to the validity of a finding of partial disability that there be contained in the record of the evidence an estimate of an expert medical witness as to the percentage of disability." Western Casualty & Surety Co. v. Mueller, Tex.Civ.App., 169 S.W. 2d 223 (Refused, W.M.).

 Appellant having never suffered any disability before the fall at the hospital, despite engaging in strenuous physical work for many years; the nature of the fall; the disability following it, according to the testimony of appellee and her witnesses; and the testimony of Dr. Lewis to the effect that the fall could have precipitated some of the disability he found, presented a question of fact for the jury to decide.

 Since the cases first cited above hold that disability may be established by a plaintiff alone, even though contradicted by medical testimony, we do not feel justified in substituting our finding for that of the jury

by holding the verdict and judgment are against the great weight and preponderance of the evidence. Having so held, it naturally follows that the evidence was sufficient to support the judgment rendered.

By points seven and eight appellant contends special issues five and six constituted comments upon the weight of the evidence.

Neither by objection to the charge nor in its motion for a new trial did appellant raise the question it now asserts concerning special issue number six. Therefore, the question was waived and it cannot be heard to complain, even if the submission could be said to be improper.

Special Issue No. Five asks:

"On what date do you find from a preponderance of the evidence that such total incapacity, if any, began?"

Appellant contends reversible error was committed in the failure of the court to place "if any" after the first three words of the question. The fall and some disability is uncontradicted in the record. It had to happen on some date. To say the court's failure to place "if any" following "On what date" constituted reversible error is completely without merit. In the first place we do not consider it was error. Even so, arguendo only, it was not reversible error. Rule 434, Vernon's Annotated Texas Rules of Civil Procedure.

The only other contention asserted is that the court erred reversibly by permitting counsel for appellee to ask the jury panel on voir dire if the jurors would give any more weight and credibility to the testimony of medical witnesses than any other witnesses.

In the first place we believe the record shows the trial court limited the question to the credibility, rather than weight and incredibility.

Neither party cited any cases supporting their position on these points, and we have found none.

Voir dire examination of a jury panel is a matter largely within the trial court's discretion, and a trial judge's judgment in the matter will not be reviewed in the absence of an abuse of such discretion. Lubbock Bus Co. v. Pearson, Tex.Civ.App., 277 S.W.2d 186 (N.R.E.). From the record here made we hold such discretion was not abused.

By cross assignment appellee contends the appeal is a frivolous one, made only for delay, and that the penalty provided by law for a frivolous appeal should be invoked.

Though we find no reversible error in the appeal, appellant has raised points it certainly had legal rights to raise and some of them are not as simple as appellee has suggested.

Accordingly, the judgment of the trial court is in all things affirmed.