**Mrs. Neva E. SLAYTER et vir, Appellants,**

v.

**The HOME INDEMNITY COMPANY,
Appellee.**

**No. 38.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 13, 1968.

Rehearing Denied April 17, 1968.

Louis D. Carroll, Mike Willatt, Carroll, Matthews & Willatt, Houston, for appellants.

J. W. Patten, Norman C. Stafford, Stafford and Weitinger, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a workmen's compensation case wherein appellant, Neva E. Slayter, claimed workmen's compensation benefits for disabling injuries resulting from a fall suffered while at work on her employer's premises on June 1, 1964. Both sides agreed that appellant injured her foot in this fall, but there was disagreement as to whether or not she also injured her back. The areas of dispute during the trial were whether or not the appellant injured her back in the fall, and if so, the extent of her disabilities resulting from such back injury.

After the trial by jury, the court rendered judgment for the appellant on the basis of the jury findings that Neva E. Slayter suffered forty-six weeks total disability as a result of the fall and that she has and will suffer no partial disability. Appellant's motion for new trial was overruled and her appeal is perfected to this court.

The record indicates that at the time of the accident, the appellant was a forty-five year old woman employed by Retail Merchants Association, Inc. She slipped and fell on a waxed floor while at work on June 1, 1964. The next day she went to a doctor but continued to work for approximately ten days, after which she remained off work for approximately eleven weeks. She was paid workmen's compensation at the rate of $35.-00 per week during this eleven weeks. She returned to work on approximately August 31, 1964, and continued to work until some time in March, 1965. On April 15, 1965, she was hospitalized for a myelogram. She continued to work until May 5, 1965, on which date she was hospitalized. During this hospitalization she underwent a spinal fusion operation. After the operation she stayed at home convalescing for approximately seven months and was paid workmen's compensation at the rate of $35.00 per week for 35 weeks beginning a few weeks before the operation. Thus, she was paid a total of 46 weeks workmen's compensation prior to the trial of this case.

The jury was first informed that appellant had undergone an operation when her attorney interjected this information in his voir dire examination of the jury panel. Both appellant and her treating physician, Dr. Villa, testified on direct examination that she had undergone the operation. By means of cross-examination of both appellant and appellant's doctor, appellee introduced evidence to show that appellant's back condition was not caused by the fall of June 1, 1964. In addition, appellee's physician, Dr. Elliott, presented evidence to the effect that the back operation had essentially cured appellant's back problem. Appellant made no objection as to any evidence of the

operation on her back, the beneficial effects thereof, or the amount of her disability. The charge that went to the jury did not ask whether or not the disability of the appellant was limited to her foot, but was, in fact, a general injury charge.

At the beginning of the trial and before the voir dire examination of the jury panel, appellant presented a motion in limine requesting that the appellee be instructed not to present evidence or comment upon the possible beneficial effects of the spinal fusion operation on the ground that the appellee had not complied with the requirements of Article 8306, Sec. 12e, V.A.T.S., in that appellee had not made an unqualified confession of liability in this case. The trial court overruled this motion in limine. Toward the close of appellant's case and prior to the production of Dr. Elliott, who testified for appellee, appellant presented a second motion in limine requesting that appellee be instructed not to present evidence or comment upon the possible beneficial effects of the operation, or in the alternative, that appellee be required to unequivocally admit liability for the injury to appellant's back. The trial court also overruled this second motion.

Appellant brings four points of error. The first two urge that the trial court erred in admitting evidence to show the beneficial effects of the spinal fusion operation, in the absence of an admission by the appellee that it was liable for workmen's compensation benefits with regard to the specific disabling condition which made necessary the operation. The third and fourth urge that the trial court erred in overruling appellant's motions in limine.

Under Section 12e of Article 8306 of the Workmen's Compensation Act, an insurance company must admit liability and tender an operation to the employee while the matter is still pending before the Board before it can prove the possible beneficial effects of surgery, *not performed.* Truck Ins. Exchange v. Seelbach, 161 Tex. 250, 339 S.W. 2d 521; Hardware Mut. Cas. Co. v. Courtney, 363 S.W.2d 427 (Tex.Sup.Ct.). Both of these cases present situations where the insurance companies failed to qualify under Section 12e of Article 8306 of the Workmen's Compensation Act, thus precluding their right to offer evidence at trial of the beneficial effects of surgery, *if it had been performed.* In neither case had surgery actually been performed, however.

In the case at bar, however, surgery *was* performed. In the recent case of Houston Fire & Cas. Ins. Co. v. Dieter, 409 S.W.2d 838 (Sup.Ct.1966), Justice Steakley isolated a similar inquiry of the Supreme Court saying, "The one question presented for decision is whether Petitioner [the insurance company] who had not invoked the provisions of Section 12e of Article 8306, was entitled in the trial of the case to make proof of the possible beneficial effects of pre-trial surgery voluntarily undertaken by Respondent [the plaintiff] at the hands of his personal physician."

The court continued, "* * * No case has been made known to us where evidence of the results of surgery has been held inadmissible, or where medical and lay witnesses have been required to exclude consideration thereof in testifying to the present incapacity of an injured employee, and in stating a prognosis for the future. Such a requirement of exclusion would necessarily restrict a witness in his testimony to less than the full and present facts. Cf. National Surety Corp. v. Bellah, 245 F.2d 936 (5th Cir.1957). Section 12e of Article 8306 does not evidence a legislative intent to thus withhold from the court or jury the actual facts at the time of trial concerning the then existing incapacity for work of an injured employee. The statute shows by its provisions to have been enacted for the purpose of establishing a procedure under which, in proper circumstances, an injured employee may be required to submit to curative surgical procedures or suffer a suspension of com-

pensation payments. Its provisions are to be strictly enforced against the compensation carrier before an injured employee may be thus penalized. But beyond this there is nothing to evidence a legislative purpose to foreclose proof of the fact and results of surgery voluntarily assumed by the employee subsequent to the award of the Board and prior to trial of an appeal suit."

 The case at bar presents a similar situation wherein the beneficial effects of surgery, voluntarily undertaken, were admitted into evidence by the trial court. We are compelled to conclude that this action was correct in view of the holding of the Supreme Court in Dieter, supra. Points of error number one and two are overruled.

In appellant's third and fourth points of error complaint is made of the trial court's action in overruling plaintiff's motion in limine that would have prohibited testimony relative to the beneficial effects of the spinal fusion operation. The record indicates that appellant failed to make any objection to the evidence concerning the effect of the surgery as it was presented to the trial court. In Hartford Acc. & Indem. Co. v. McCardell, 369 S.W.2d 331, the Supreme Court said, "If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were *in fact* asked or offered. If they were *in fact* asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal." Appellant here made no objection as to any evidence of the operation on her back or the beneficial effects thereof. It has been clearly resolved that a party must object to evidence as it is presented before a judgment will be reversed for overruling a motion in limine.

The judgment of the trial court is affirmed.

Affirmed.