**Betty JOHNSON, Appellant,**

v.

**Belva REED, et vir, Appellees.**

**No. 17584.**

Court of Civil Appeals of Texas, Dallas.

March 5, 1971.

Rehearing Denied March 26, 1971.

Mark Delk, Dallas, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This is a suit to recover damages for personal injuries alleged to have been sustained in an automobile collision. Betty Johnson contends that she sustained serious personal injuries when the car she was driving collided with an automobile being driven by Belva Reed. The case was tried to a court and a jury. In response to special issues the jury found that both Betty

Johnson and Belva Reed were negligent in the operation of their vehicles and that the negligence of each was a proximate cause of the collision. Based upon this verdict the trial court rendered a take nothing judgment against Betty Johnson and she brings this appeal.

Appellant brings forward no points to attack the sufficiency of the jury verdict. In eight points of error she confines her attack upon the judgment by contending (1) that the trial court unduly restricted the right of appellant's counsel to conduct voir dire examination of the jury; (2) that the court erred in failing to rule on a motion *in limine*, and (3) that error was committed in requiring appellant to answer certain questions relating to receipt of child support.

 In her primary point of error appellant complains of the trial court's action in refusing to permit appellant's counsel to question the jury panel, in good faith, regarding any possible connection of the member of the panel, or their family, friends or associates, with the insurance industry. Prior to trial appellees' counsel filed a motion *in limine* requesting the court to instruct counsel for appellant not to introduce any evidence, or in any way advise the jury, by innuendo or otherwise, concerning the possible existence of liability insurance. The court sustained this motion. Thereupon counsel for appellant stated to the court that he desired to interrogate the jury panel concerning any connection any potential juror may have had with the insurance industry generally. For example, he stated that he wished to ask a question, substantially as follows: "Has anyone * * *, or any of your relatives or close friends or next door neighbors, for instance, ever been connected with the insurance industry?" The trial court refused to permit appellant's counsel to propound such a question, or similar questions, to the panel.

The purpose of permitting counsel to interrogate prospective jurors on voir dire examination is to elicit facts that will enable the attorney to exercise the right of peremptory challenge in an intelligent manner as well as to ascertain that jurors possess the legal qualifications and are not, by bias or otherwise, disqualified to try the particular case. 35 Tex.Jur.2d, § 97, p. 147. However, such right to interrogate is not unlimited but must, of necessity, be limited to those inquiries which are material and relevant to the particular kind of case being tried. Since our rules of civil procedure are silent concerning the details of the manner of conducting the voir dire examination it has been held that the extent of same is largely within the trial court's discretion. Lassiter v. Bouche, 41 S.W.2d 88 (Tex.Civ.App., Dallas 1931, writ ref'd); Fort Worth & Denver City Ry. Co. v. Kiel, 195 S.W.2d 405 (Tex.Civ.App., Fort Worth 1946, writ ref'd n. r. e.); Lubbock Bus Company v. Pearson, 277 S.W.2d 186 (Tex. Civ.App., Amarillo 1955, writ ref'd n. r. e.); Travelers Insurance Co. v. Beisel, 382 S.W. 2d 515 (Tex.Civ.App., Amarillo 1964, no writ); Levermann v. Cartall, 393 S.W.2d 931 (Tex.Civ.App., San Antonio 1965, writ ref'd n. r. e.).

While the appellate court may review the discretion of the trial court in limiting voir dire examination it is only where the record demonstrates a clear case of abuse of discretion will such power of the trial court be revised on appeal. 35 Tex.Jur.2d, § 117, p. 173; Lubbock Bus Company v. Pearson, 277 S.W.2d 186 (Tex.Civ.App., Amarillo 1955, writ ref'd n. r. e.); and Travelers Insurance Co. v. Beisel, 382 S.W.2d 515 (Tex.Civ.App., Amarillo 1964, no writ).

It has long been settled in Texas that in automobile collision cases, such as the one before us, it is improper to inject the question of insurance, whatever the form it may take. Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234 (1934); Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039 (1936); Hurley v. McMillan, 268 S.W.2d 229 (Tex.Civ.App., Galveston 1954, writ ref'd n. r. e.).

The question of the propriety of questions by counsel such as here involved has been considered by a number of the Courts of Civil Appeals. In most instances the courts have held that to permit such an inquiry constitutes reversible error. Green v. Ligon, 190 S.W.2d 742 (Tex.Civ.App., Fort Worth 1945, writ ref'd n. r. e.); Tarbutton v. Ambriz, 259 S.W. 259 (Tex.Civ. App., San Antonio 1924, writ ref'd n. r. e.); Lange v. Lawrence, 259 S.W. 261 (Tex. Civ.App., San Antonio 1924, writ dism'd); Houston Transit Company v. Goldston, 217 S.W.2d 435 (Tex.Civ.App., Galveston 1949, no writ). The most recent case is that of Brockett v. Tice, 445 S.W.2d 20 (Tex. Civ.App., Houston (1st) 1969, writ ref'd. n. r. e.). In this case counsel asked the jury panel "whether any juror had any connection with any insurance company." The court, in holding such question to be reversible error said:

"We are of the view that the effect of appellee's counsel asking the jury panel if any of them had any connection with any insurance company was to convey the impression that appellant had insurance. The question was knowingly and deliberately asked by counsel, as shown by his brief and in oral argument before this Court on the theory that he was entitled to get this information as a base for further questioning as to whether this would cause bias or prejudice on the part of the juror. This was error."

Appellant places great reliance upon the decision of the Court of Civil Appeals of Austin in South Austin Drive-in Theatre v. Thomison, 421 S.W.2d 933 (1967, writ ref'd n. r. e.), and also Brown v. Poff, 387 S.W. 2d 101 (Tex.Civ.App., El Paso 1965, writ ref'd n. r. e.); and Kollmorgan v. Scott, 447 S.W.2d 236 (Tex.Civ.App., Houston (14th) 1969, no writ). However, the case of South Austin Drive-in Theatre v. Thomison, and the other two cases which follow that decision, merely hold that the asking of such a question does not constitute reversible error. Chief Justice Bell in Brockett v. Tice, 445 S.W.2d 20, discusses

and distinguishes the South Austin Drive-in case. The same distinguishing features are applicable here.

Again, the "good faith" of appellant's counsel in seeking the inquiry is the decision of the trial judge and such decision will not be disturbed in the absence of evidence of abuse of discretion. It is entirely reasonable to suppose that the trial judge might have considered, from the facts and circumstances before him, that the real primary concern of appellant was not to seek a basis for exercising strikes because of fear of prejudice but rather to conduct extended examination about insurance connections in order to plant the idea of liability insurance in the minds of the panel. In any event we see no abuse of discretion on the part of the trial court in denying appellant's counsel the right to propound the interrogatories to the potential jurors. Indeed, appellant here has not brought forth any point of error asserting abuse of discretion. Moreover, even if such action on the part of the court could be deemed to be error reversal would not be required since there has been no showing of injury or harm therefrom as required by the rules of civil procedure. Rule 434, Vernon's Texas Rules of Civil Procedure. Appellant's attorney does not contend nor does he bring forth any evidence on the motion for new trial to support a contention that he was required to accept a juror which he otherwise would have stricken had it not been for the court's ruling. Southwestern Public Service Co. v. Morris, 380 S.W.2d 648 (Tex.Civ.App., Amarillo 1964, no writ); Preston v. Ohio Oil Company, 121 S.W.2d 1039 (Tex.Civ.App., Eastland 1938, writ ref'd).

The entire voir dire examination was recorded and is before us in this record. We have carefully examined the same and find that the trial court permitted appellant's counsel to interrogate each of the prospective jurors, in detail, concerning their background, prior employment, and experience in business. In fact, several members of the venire, or their relatives, were ques-

tioned concerning their connection with insurance companies. We think that the trial court permitted appellant's counsel sufficient latitude in his questioning to determine the qualifications of the prospective jurors so that appellant's counsel could make ·an intelligent choice. Appellant's point is overruled.

In her second, fourth, sixth, seventh and eighth points of error appellant groups together a number of complaints concerning alleged actions on the part of the trial judge in limiting voir dire examination. It would serve no useful purpose to review and comment upon each of these complaints. What we have said in connection with our disposition of appellant's first point of error applies equally well to these points. We have carefully examined each of same and find that the trial judge did not abuse his discretion in ruling as he did. Reversible error not being reflected by any of the points, they are overruled.

■ Appellant's third point of error complains of the action of the court in refusing to make a definite ruling on appellant's motion *in limine*. On the first day of the trial appellant filed a motion containing request prohibiting asking any medical witness concerning testimony in other suits. Apparently no written order was entered on the motion. The record does not reveal that any order was presented to the court. While a medical witness for appellant was testifying appellees' counsel, on cross-examination, asked the witness concerning his testimony in a prior lawsuit. At that time appellant asked the court to rule upon her motion *in limine*. The court said:

"THE COURT: I thought I had passed upon such of them. He has the right to question this Doctor, in the Court's opinion, with reference to the subject of his inquiry now, so I overrule any Motion contrary to that and allow it."

We observe no error reflected in this action. In Slayter v. Home Indemnity Co., 426 S.W.2d 632 (Tex.Civ.App., Houston (14th) 1968, writ ref'd n. r. e.), it was held that failing to rule upon, or even expressly overruling, a motion *in limine* as to evidence does not constitute error and especially reversible error. It was there held that the only error which can properly be urged is in connection with improper admission of evidence over objection during the trial itself. See also Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963).

■ In her eighth, and final, point appellant argues that the trial court erred in permitting appellees' counsel, over objection, to inquire of appellant whether she was receiving child support. Appellant contends that such evidence is violative of the collateral source rule.

The record reveals that while appellant was on the witness stand testifying on direct examination she stated that she was a divorcee and needed to work, despite her claimed physical condition, in order to support her eight year old daughter. Upon cross-examination counsel for appellees reviewed this testimony and then asked her if she was not now receiving child support payments from her husband in the amount of $150 a month. The court overruled the objection to this testimony.

In this posture of the record we think that the testimony was properly admitted. Appellant herself injected the issue of her poverty and it was perfectly permissible for appellees, on cross-examination, to develop and rebut such evidence. However, even if it could be said that such was error we find nothing in the record to indicate that appellant has demonstrated that such error was reasonably calculated to and did result in the rendition of an improper judgment. Rule 434, T.R.C.P. The point is overruled.

Finding no reversible error reflected in this record we overrule all of appellant's points and affirm the judgment of the trial court.

Affirmed.