**A. J. MILLER TRUCKING COMPANY,
Inc., et al., Appellants,**

v.

**Luther W. WOOD, Appellee.**

**No. 585.**

Court of Civil Appeals of Texas,
Tyler.

Dec. 16, 1971.

Rehearing Denied Jan. 6, 1972.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Robert L. Hoffman, Dallas, for appellants.

Smith, Johnson & McDowell, Howard S. Smith, William McDowell, Sulphur Springs, for appellee.

McKAY, Justice.

This suit was brought by appellee, Luther Wood, for personal injuries resulting from a motor vehicle collision on May 21, 1970. Appellant admitted liability and only the issues of the amount of damages were tried before a jury. In answer to the damage issues, the jury found the following amounts of damages: past pain and anguish, $11,000; future pain and anguish, $4,000; past lost earnings, $1,600; future lost earnings, $32,000; doctor's, medical and hospital bills, ambulance, orthopedic equipment and nurses' services, $3,100; and diminution in value of plaintiff's truck, $450. The trial court entered judgment for appellee based on the verdict.

By appellants' fourth point, it is contended that the trial court erred in allowing appellee's counsel to ask the jury panel whether any of them were engaged in adjusting claims, had written any insurance, or were connected with the insurance industry for the reason that insurance was thus improperly injected into the case.

By appellants' fifth point, error is claimed by the trial court for overruling appellants' motion for mistrial based on the voir dire examination by appellee's counsel of the jury panel as set out in point four.

Appellants filed a second motion in limine before the jury was examined in which the court was asked to instruct counsel for appellee to refrain during voir dire examination from inquiring of any juror or jurors as to any connection with the insurance industry, and that counsel could ask any juror his occupation, past or present, and the occupation of members of his family to determine whether any of them had any insurance industry connection. The trial court denied this motion.

During voir dire examination of the entire jury panel, appellee's counsel asked the following questions:

"Have any of you on the jury panel ever been, or are you now, connected with the insurance industry in any way? In this group here (indicating)? Any of you do any adjusting for any insurance company? (NO SHOW OF HANDS).

"Have any of this group (indicating) written any insurance—write? Any over here (indicating)? (ONE HAND).

Anybody else over here connected with the insurance industry in any way?

"Mr. McCorkle, the fact that you write insurance, that wouldn't affect your verdict either way in the trial of this case, or not? You'd only know."

The juror answered: "Not that I know of."

Later, appellee's counsel returned to the jury panel member, McCorkle, and asked: "You told us you were in the insurance business here," and followed with questions on other matters.

Appellants filed a motion for mistrial alleging the voir dire examination of the jury panel by appellee's counsel injected insurance into the case and that such was improper and highly prejudicial to appellants, and asked that the panel be discharged and a new panel summoned and that appellee's counsel be instructed not to ask such questions in the future. The motion was overruled by the court with a qualification that "* * * Defendant's counsel made no objection during any of the statements made by counsel for Plaintiff during the jury examination regarding the insurance industry, whether they adjusted, did not make any objection to it at that time, and made no Motion for Mistrial at the end of the voir dire examination but waited until the jury had been selected, sworn in and instructed before such motion was presented to the Court."

Appellants rely upon Brockett v. Tice, 445 S.W.2d 20 (Tex.Civ.App., Houston 1st, 1969, writ ref., n. r. e.), and upon Johnson v. Reed, 464 S.W.2d 689 (Tex.Civ.App., Dallas, 1971, writ ref., n. r. e.), as authority that insurance was improperly injected into the case. In *Brockett*, which was a personal injury damage suit, appellee's attorney, in his voir dire examination asked "whether any juror had any connection with any insurance company." Appellant's counsel objected and excepted, but did not ask for a mistrial. The trial court sustained the objection and instructed the jury not to consider it, and instructed counsel to abandon that line of questioning and not to go into insurance any more. Shortly afterward, appellee's counsel asked the panel "whether any of them thought that a verdict in this case would affect their insurance rates." Appellant's motion for mistrial was denied. The court did, however, instruct counsel in the presence of the panel that insurance was not an issue in the case and not to refer to insurance.

On the point concerning appellee's attorney asking the panel "whether any juror had any connection with any insurance company," the court said:

"Appellee's basic position is that he had a right to ask the questions of the panel that are set out in the formal bill of exception, because he was entitled to obtain information from which it could be determined whether a juror was disqualified in the case on trial because of bias or prejudice. We might add that an attorney is entitled to obtain information to aid him in determining whether

to exercise a peremptory challenge. Too, it is appellee's position that if the mentioning of insurance was error it was harmless error.

"We are of the view that the effect of appellee's counsel asking the jury panel if any of them had any connection with any insurance company was to convey the impression that appellant had insurance. The question was knowingly and deliberately asked by counsel, as shown by his brief and in oral argument before this Court on the theory that he was entitled to get this information as a base for further questioning as to whether this would cause bias or prejudice on the part of the juror. This was error. There are other ways of questioning which can develop this fact without asking the question in that form before the whole panel."

In *Brockett*, the appellee later made an unresponsive answer that his employer told him he had insurance and a motion for mistrial was again overruled with instructions from the court to the jury. The judgment for appellee (plaintiff) was reversed.

In *Johnson*, also a personal injury damage suit resulting from an automobile collision, appellant complained of the trial court's action in refusing to permit appellant's counsel to question the panel in good faith, regarding any possible connection any panel member or his family, friends or associates had with the insurance industry.

The trial court had sustained a motion in limine that appellant's counsel not introduce any evidence, or in any way advise the jury by innuendo or otherwise concerning the possible existence of liability insurance. Appellant's counsel then stated to the court that he desired to question the panel about any connection any panel member may have had with the insurance industry generally, such as whether any relative or close friend or neighbor had been connected with the insurance industry. The trial court refused to permit appellant's counsel to ask such a question or similar questions.

■ As pointed out in *Johnson*, the purpose of voir dire examination is to elicit facts which will assist counsel in exercising his peremptory challenges, and to ascertain that jurors are legally qualified, but the right to interrogate is not unlimited and must be limited to inquiries which are material and relevant to the particular kind of case on trial.

We quote from Johnson v. Reed, supra:

"The question of the propriety of questions by counsel such as here involved has been considered by a number of the Courts of Civil Appeals. In most instances the courts have held that to permit such an inquiry constitutes reversible error. Green v. Ligon, 190 S.W.2d 742 (Tex.Civ.App., Fort Worth 1945, writ ref'd n. r. e.); Tarbutton v. Ambriz, 259 S.W. 259 (Tex.Civ.App., San Antonio 1924, writ ref'd n. r. e.); Lange v. Lawrence, 259 S.W. 261 (Tex.Civ. App., San Antonio 1924, writ dism'd); Houston Transit Company v. Goldston, 217 S.W.2d 435 (Tex.Civ.App., Galveston 1949, no writ). The most recent case is that of Brockett v. Tice, 445 S.W. 2d 20 (Tex.Civ.App., Houston (1st) 1969, writ ref'd, n. r. e.). In this case counsel asked the jury panel 'whether any juror had any connection with any insurance company.' The court in holding such question to be reversible error said:

(*Johnson* then quotes from *Brockett*, except the last sentence, as hereinabove quoted.) * * *"

Appellee relies principally upon South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933 (Tex.Civ.App., Austin, 1967, writ ref., n. r. e.). In this case, plaintiffs' counsel asked the jury panel by rows whether "any of your relatives or close friends or next door neighbor, for instance, have ever been connected with the insurance industry? * * *" Nine members of the jury panel had relatives or friends connected with the insurance industry, and then counsel examined each individually about

whether such fact would affect them or their verdict in the case. The court said:

"We believe that in the absence of a clear inference of the existence of insurance in the case, and where the attention of the jury panel has not been directed to the area of liability insurance, a good faith inquiry into significant connection, either directly or indirectly through family or close friends or neighbors, with the insurance industry will not of itself constitute a showing of such prejudice as would be reasonably calculated to cause a miscarriage of justice."

The *South Austin Drive-In* case holds it is not reversible error to examine the jury panel about direct or indirect connection with the insurance industry unless harm is shown, while *Johnson* holds it is not error to prevent such examination, and *Brockett* holds such examination is error. It is our opinion that such an examination of the jury panel is not only error, but it is reversible error for the reason that it is the injecting of insurance into the case deliberately, and such examination conveys the impression to the jury panel that appellant carried insurance. There is no reasonably accurate way to determine what harm or injury may result from such examination. Counsel is not entitled to examine the members of the jury after the trial and inquire into their thought and reasoning processes in arriving at a verdict, and unless something happened to reveal a juror's mental state, such as a member of the jury making an affidavit that insurance was discussed during the deliberations, it would never be known what effect such examination had upon the jury. McCormick & Ray, Texas Law of Evidence, Section 396, pp. 334–337. Counsel is not deprived of the right to interrogate each juror about any matter which may disqualify any juror or any matter which may assist counsel in exercising an intelligent peremptory challenge.

In 35 Tex.Jur.2d, section 103, p. 156, is this statement:

"In actions for injuries to persons or property or for wrongful death, generally speaking, it is improper for counsel by his questions to suggest that the defendant might have indemnity insurance against accidents such as the one involved in the suit, or that the defense was being conducted by an insurance company. * * *"

In McDonald's Texas Civil Practice, Vol. 3, section 11.10.2, page 151, is found this statement:

"* * * Questions which are barred because of potentialities of prejudice are perhaps best illustrated by the inquiry, in a damage suit, as to whether a juror or any member of his family is connected with or interested in a liability insurance company. * * *"

We quote from Atchison, Topeka and Santa Fe Ry. Co. v. Acosta, 435 S.W.2d 539 (Tex.Civ.App., Houston 1st, 1968, writ ref., n. r. e.):

"It is well settled that it is reversible error to disclose to the jury that the defendant has liability insurance. While not every casual or inadvertent reference to insurance in the course of a trial will necessitate a mistrial, where the plaintiff by artful questions attempts to convey to the jury the information that the defendant probably is protected by indemnity insurance, a mistrial should be declared." (Citing cases.)

Such an examination of the panel as here done, however, violates the rule of injection of insurance into the case before the jury and is not an inadvertent reference. We further hold that the general instructions provided by Rule 226a are not adequate and sufficient to remove the harm caused by the voir dire examination made here.

Appellants' points 1, 2 and 3 are not reached and the matters complained of there likely will not occur again upon a retrial of this case.

The judgment of the trial court is reversed and the cause is remanded.