OPINION
DUGGAN, Justice.
Appellant, Marilyn Dove (Dove), sued ap-pellee, the Director of the State Employees Workers’ Compensation Division (the Director), seeking total and permanent disability benefits for an alleged injury incurred in the course and scope of her employment at the Texas Department of Corrections. A jury found that appellant had been injured, but that her injury was not a producing cause of any disability. The jury also found that the State should pay appellant $24 as reasonable medical costs for her injury. We reverse and remand.
In her first four points of error, Dove complains, first, of three specific instances wherein she claims the Director’s counsel violated the trial court’s order on her motion in limine,[1] and finally that the cumulative effect of counsel’s alleged misconduct resulted in the rendition of an improper verdict.
The trial court, in ruling on Dove’s motion in limine, prohibited the Director from inquiring into the following matters without first approaching the bench and obtaining permission from the court:
*579 [B]enefits of any kind or character from a collateral source ...
[C]laims, suits, the amount of settlement, and any statements, in pleadings or otherwise, including any claims of total and permanent disability, for the reason that same would be immaterial and irrelevant to any issue in this cause ...
[C]ontents of any prior pleading or lawsuit Plaintiff may have had wherein she may have claimed permanent incapacity. The Director’s counsel asked Dove,
“[D]id you ever swear under oath that the injuries that you sustained in 1984 were total and permanent?” Dove had filed a lawsuit in 1984 in which she sought damages for allegedly permanent injuries sustained in an automobile accident.
Dove’s counsel immediately objected to the question, and the trial court sustained the objection. Dove’s counsel then moved for a mistrial, and the trial court denied the motion. The trial court then instructed the jury to disregard the question.
The Director’s question directly inquired into a “statement[ ] ... [of] any claims of total and permanent disability.” The question therefore violated the trial court’s order on Dove’s motion in limine.
Dove also contends that the Director’s counsel’s question, inquiring if she had “come into the possession of a large sum of money in 1986,” violated the trial court’s order on her motion in limine. Dove’s counsel did not literally object to the question, but did ask for a mistrial after it was asked.[2] The trial court denied the motion and instructed the jury to disregard the question.
We agree with Dove that this question, too, violated the trial court’s order on her motion in limine. The question directly inquired into “benefits of any kind or character from a collateral source.” It therefore violated the court’s order.
Dove also contends that the Director’s counsel’s question about whether her 16-year-old son contributes any income to her family violated the trial court’s order.[3] The Director responds that “this is a permissible inquiry when the plaintiff alleges and attempts to prove financial hardship,” and in support urges that Mundy v. Shippers, Inc., 783 S.W.2d 743 (Tex.App.— Houston [14th Dist.] 1990, writ denied), and Johnson v. Reed, 464 S.W.2d 689 (Tex.Civ.App. — Dallas 1971, writ denied), control.
We find, however, that neither Mundy nor Johnson applies. In both of those cases, the plaintiff injected the issue of hardship into the case in front of the jury. In Mundy, the plaintiff’s witness, her brother, “effectively telegraphed” to the jury that the plaintiff was in financial distress. 783 S.W.2d at 745. In Johnson, the plaintiff “on the witness stand ... stated that she was a divorcee and needed to work ... in order to support her eight year old daughter,” thereby “herself injecting] the issue of her poverty” before the jury. 464 S.W.2d at 693.
Here, the only way Dove herself “injected” the issue of hardship into this case was in her pleadings. The issue of hardship was not brought before the jury in the form of testimony from a plaintiff’s witness or the plaintiff’s demonstrative evidence, and there is nothing in the record to indicate that the jury was ever permitted to see Dove’s pleadings. This case is outside the bounds of Mundy and Johnson.
Instead, we look to Pacific Employers Indem. Co. v. Johnson, 448 S.W.2d 205 (Tex.Civ.App. — Austin 1969, no writ). There, the trial court refused to let the jury hear evidence that the plaintiff received $80 a month from the Veterans Administration. Id. at 207. The court of appeals agreed with the decision to exclude the evidence, and wrote that evidence of collat *580 eral benefits would only serve to confuse and complicate the trial. Id. at 210.
The Director’s counsel’s question about whether Dove’s 16-year-old son contributes any income to Dove’s family inquired into “benefits of any kind or character from a collateral source.” It therefore violated the court’s order.
Dove contends that the cumulative effect of the violations of the trial court’s order on her motion in limine caused the rendition of an improper verdict and calls for reversal. We agree.
Where a trial court’s order on a motion in limine is violated, we review the violations to see if they are curable by instructions to the jury to disregard them. See Leatherwood v. Holland, 375 S.W.2d 517, 521 (Tex.Civ.App. — Fort Worth 1964, writ ref’d n.r.e.); Montgomery v. Vinzant, 297 S.W.2d 350, 356 (Tex.Civ.App. — Fort Worth 1956, no writ). Here, the trial court instructed the jury after each violation to disregard the question.
Nevertheless, because of the number of improper questions and their prejudicial content, which the jury heard in each case, we are unable to hold that the violations did not probably cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). Violations of an order on a motion in limine are incurable if instructions to the jury would not eliminate the danger of prejudice. Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex.1962). That is the case here.
We sustain points of error one, two, three, and four. Our disposition of these points of error makes it unnecessary for us to consider points of error five through twelve, and we therefore decline to do so.
We reverse the judgment of the trial court and remand the cause for proceedings not inconsistent with this opinion.

. Dove’s motion in limine requested that court order the Director’s counsel "to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the court outside the presence ... of [the jury][.]” The court granted the motion as to the parts relevant to this opinion. The Director’s counsel did not approach the bench and obtain a ruling from the court before asking any of the questions relevant to this opinion.

. Because Dove's counsel sought to prohibit this evidence in the motion in limine, because Dove moved for a mistrial right after the question was asked, and because the record makes it obvious that Dove took exception to the question and why, we hold that Dove preserved this point for appeal.

. Dove objected to this question. The trial court sustained the objection, overruled Dove’s motion for a mistrial, and instructed the jury to disregard.