## COCA COLA BOTTLING CO. OF FORT WORTH v. McALISTER.

### No. 15434.

Court of Civil Appeals of Texas.
Fort Worth.
March 27, 1953.

Cantey, Hanger, Johnson, Scarborough & Gooch and Charles L. Stephens, all of Fort Worth, for appellant.

Chas. J. Murray and M. Hendricks Brown, both of Fort Worth, for appellee.

RENFRO, Justice.

The appellee, Raymond R. McAlister, obtained a jury verdict and judgment in the sum of $500 against the appellant, Coca Cola Bottling Company of Fort Worth, for personal injuries resulting from swallowing a foreign substance from one of appellant's bottled drinks. Appellee obtained the bottled drink from an automatic nickel vending machine. The appellant stipulated that it maintained the machine in question and had exclusive control over such machine and refilling same with bottled drinks.

Appellant's first point contends it was error for the court to instruct the jury that future physical and mental pain which appellee might, within reasonable probability, sustain in the future could be considered as an element of damages. It is not claimed by appellant that this portion of the charge was erroneous as a legal proposition, applicable to the measure of damages in cases founded on personal injuries, but it is claimed there was no evidence to support a finding of future pain and suffering. It is not contended that the verdict was excessive.

There was very little conflict in the evidence. According to appellee, after drinking the greater part of the contents of the bottle, he felt something choking him, deep down in his throat. The substance came out of the coca cola bottle. When he coughed, the substance flew out of his mouth. When he vomited, something gritty and sharp, feeling like chunks, came up. It felt like a burr going down cutting

his throat. He spit blood and vomited mucus and blood. His throat became sore and irritated. Upon inspection of the remnants in the bottle, he could see a foreign substance one-fourth inch thick in the bottle. It appeared to him to be glass or gravel or both. He soon got to the point where he could not talk. His throat continued sore and he continued to spit blood for several days and for a period of three weeks spit clotted blood. He could only talk in whispers for several days. A lump or flap still bothers his talking. The flap feels like it opens and closes. That feeling has been with him continuously since the occasion in question. He took treatments from a doctor for ten days, then moved to Longview and was attended by two doctors in that city. When he swallows hard food, his throat immediately becomes sore and irritated. It sometimes gets better, then goes right back to the same thing again. He has to clear his throat every few minutes. The condition of his throat causes constant worry and anguish and still bothers him.

■ Recovery may be had for future physical pain and suffering if the evidence shows that there is a reasonable probability of such consequences. 13 Tex.Jur., p. 474, § 274; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491; St. Louis Southwestern Ry. Co. of Texas v. Garber, Tex.Civ.App., 108 S.W. 742; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556; Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522.

The evidence shows that appellee's injury occurred on April 4, 1951, and the case was tried on September 25, 1952, or about seventeen and one-half months later.

■ This court, in Turner v. McKinney, Tex.Civ.App., 182 S.W. 431, 435, writ ref., after setting out the facts in that particular case, held: "We think the evidence above quoted sufficiently shows physical pain and mental suffering up to the time of the trial, and that the plaintiff will probably suffer mental anguish and physical pain in the future. Mental suffering will be implied from illness, or injuries, accompanied by physical pain (citing authorities)."

In Dallas Railway & Terminal Co. v. Enloe, Tex.Civ.App., 225 S.W.2d 431, 435, writ ref., n. r. e., it was said: "There was no expert medical testimony, but the evidence given by appellees, hereinbefore set out, did show the nature of the injuries and their continued and existing condition at the time of the trial some 3½ years after the accident. In our opinion this testimony raised the issue of future pain and suffering on the part of Geneva Enloe. Pain and suffering will be implied from continued headaches, pain and swelling which continued from the time of the accident and were present at the time of the trial some 3½ years after the accident."

It was held in Dallas Railway & Terminal Co. v. Davis, Tex.Civ.App., 26 S.W. 2d 340, that mental and physical pain will be implied with continued illness.

■ Appellant contends appellee's injuries were slight and the present condition, if attributable to the original injury, is of a minor nature. The intensity of the suffering, however, whether great or slight, and the duration thereof were to be considered by the jury from all the evidence in reaching the amount of compensation.

■ The evidence heretofore set out is sufficient to raise the issue of reasonably probable future physical pain and mental suffering and the court did not err in including that element in the charge.

By its second point, appellant argues that the court erred in overruling its motion for instructed verdict, contending that the appellee never knew what he actually took into his mouth, introduced no medical testimony showing that the swallowing of some grit or sand would cause any injurious result to the human body, and showed no causal connection between his condition at the time of trial and the occurrence in question.

In addition to the appellee's testimony heretofore set out, the witness Williamson testified he saw some substance in the bottle but could not say whether it was sand, gravel or glass. He saw appellee vomit and try to get something out of his throat. The defendant's witness Welch

saw the foreign substance in the bottle and took same to the Terrell Laboratories for tests. The witness Patton, a chemist for Terrell Laboratories, called by appellant, reported that "specimen submitted consisted of a coca cola bottle, containing about one-half teaspoon of liquid and some small solid fragments. The fragments varied in color, some were almost transparent, some were dark brown and some were red. Miscroscopic examination and chemical test revealed the solid material to be particles of course sand." In his oral testimony, Patton testified that if the surfaces and the edges had not been smoothed off he could not have said whether they were glass or gravel by the physical appearance, the rounded edge is what made him draw the conclusion that the material was sand rather than glass. He stated he had no independent recollection of, and made no written reference to, the sharpness of the particles.

It will be noted that the chemist used. the words "gravel" and "course sand" in describing the substance.

The jury was entitled to consider his testimony along with appellee's testimony that he swallowed something gritty, feeling like chunks and sharp, as well as appellee's testimony that nothing had ever been wrong with his throat before the occurrence, but said condition has existed constantly since said time, in finding that the plaintiff was injured as a proximate result of taking a foreign substance into his mouth and throat.

■ The testimony heretofore set out is sufficient to support the jury's finding that the appellee sustained an injury as a result of swallowing the foreign substance. The fact that the pain and suffering described and the extent of the injury come largely from the injured party alone does not prevent it from having probative force if given credit by the jury. American General Ins. Co. v. Smith, Tex.Civ.App., 163 S.W.2d 849, error ref.; Texas Motor Coaches, Inc., v. McKinney, Tex.Civ.App., 186 S.W.2d 714.

Expert testimony is not required to uphold a finding of injury. Southern Ice & Utilities Co. v. Richardson, Tex.Civ.App.,

60 S.W.2d 308, reversed on other grounds, 128 Tex. 82, 95 S.W.2d 956; Dallas Railway & Terminal Co. v. Enloe, supra; Armour & Co. v. Tomlin, Tex.Civ.App., 42 S.W.2d 634, affirmed, Tex.Com.App., 60 S. W.2d 204.

The judgment of the trial court is affirmed.