**Fred DENNIS et al., Petitioners,**

**v.**

**Dorothy HULSE, Respondent.**

**No. A–9011.**

Supreme Court of Texas.

Nov. 21, 1962.

Rehearing Denied Dec. 19, 1962.

Harkness & Friedman, Texarkana, for petitioners.

Brown & Brown, Texarkana, for respondent.

WALKER, Justice.

Fred Dennis et al, petitioners, brought this suit against Dorothy Hulse, respondent, to recover for personal injuries sustained by Dennis, his wife, and their minor child in an automobile collision. One of the vehicles was driven by Dennis, and respondent was the operator of the other. Respondent filed a cross-action against Dennis. Petitioners' total damages were affixed by the jury at $1,000.00, and judgment was rendered on the verdict in their favor for that amount. The Court of Civil Appeals reversed and remanded, because it concluded that respondent was probably prejudiced by the introduction of testimony indicating that respondent carried liability insurance and by a subsequent instruction from the court that she did not. Tex.Civ.App., 356 S.W.2d 203.

While Mrs. Dennis was on direct examination, counsel for petitioners inquired whether she had a conversation with respondent on the night of the accident and what the latter told her. The witness answered "Well, she told me—the first thing she said to me is, 'You don't need to worry. I am covered with insurance'." Respondent immediately moved the court to discharge the jury and declare a mistrial. During the recess that followed, the court learned that respondent did not have liability insurance. The motion for a mistrial was denied, and over respondent's objection the court instructed the jury that "all parties to this suit agree that there is no insurance of any type or character carried by Mrs. Hulse whereby anyone other than Mrs. Hulse would be liable for the amount or any amount which might be rendered against her as a result of the trial in this case. In plain English, there is no insurance in the case."

■ We agree with the respondent that the mention of insurance by Mrs. Dennis was improper, and that the trial court

erred in instructing the jury that respondent had no liability coverage. According to the Annotation in 4 A.L.R.2d 761, the courts of other jurisdictions are not in agreement as to the propriety of permitting the defendant to establish that he is not insured after the introduction of evidence indicating that he is. That is not the problem here, and as pointed out in Gilmer v. Griffin, Tex.Civ.App., 265 S.W.2d 252, (wr. ref. n. r. e.), the question of whether or not the defendant is protected by liability insurance is wholly immaterial to any issue in a personal injury action of this nature. If anything is said from which the jury might reasonably infer that the defendant is insured, the court may either order a mistrial or instruct the jury not to consider the improper statement and then await the verdict before determining whether to grant a new trial. It should not, however, magnify the matter and perhaps lead the jurors to believe that insurance is a material consideration by advising them that the defendant does not have such protection.

■ Respondent argues that the mention of insurance always requires a reversal of the case, because the error is regarded as incurable. We do not agree. When the courts say that an error is incurable, they usually mean that instructions or other curative measures that might be attempted by either the court or counsel will not eliminate the danger of prejudice. Under our practice an appellate court is not authorized to reverse merely because the record discloses some error that is reasonably calculated to cause a miscarriage of justice. The party appealing must also show that it probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure.

The matters about which respondent complains are not such as to constitute prima facie proof of probable harm. After the jurors were advised by the court that respondent had no liability insurance, it is not likely that they found against her on

the liability issues or increased their appraisal of the damages in any mistaken belief that the judgment would be paid by an insurance company. Respondent argues that in view of the testimony of Mrs. Dennis, the instruction given by the court would: (1) cause the jury to question respondent's veracity, and (2) prejudice the jury against her because she operated her automobile without insurance. She also points to the statement by the trial court that there is no insurance in the case, and says that this was calculated to injure her in the role of a cross-plaintiff.

Respondent has brought forward only the testimony of Mrs. Dennis, which contains very little information regarding the accident, and we do not have a complete statement of facts. If respondent's theories of prejudice are sound, the harm which she suffered would probably be reflected in the answers of the jury when considered in the light of the evidence adduced at the trial. On the other hand, a complete statement of facts might show that she is legally responsible for the accident as a matter of law and that the jury was very conservative in assessing the damages. It is for this reason that an appellate court is required to consider the entire record, which ordinarily includes the state of the evidence, in determining whether to reverse a judgment because of some error committed in the course of the trial. See City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367. Without a statement of facts in this case, it cannot be said that the testimony of Mrs. Dennis and the subsequent instruction given by the court probably caused the rendition of an improper judgment. Respondent has not discharged her burden of showing prejudice, and the judgment of the trial court should not be disturbed.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.