**KINGHAM MESSENGER & DELIVERY SERVICE, INC., et al., Appellants,**

v.

**James V. DANIELS, Appellee.**

**No. 162.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 20, 1968.

Rehearing Denied Dec. 18, 1968.

Donald W. Callahan, Ruby Kless Sondock, Houston, for appellants.

Burl Eastup, Stuart Kinard, Fisher, Roch & Blackstock, Houston, for appellee.

BARRON, Justice.

This is a personal injury action brought by appellee, James V. Daniels, against appellants, Kingham Messenger and Delivery Service, Inc. and Kelly Travis Howard. Appellee was involved in an automobile collision on July 28, 1965, with appellants, Kelly Travis Howard, an agent of Kingham Messenger and Delivery Service, Inc. The automobile collision is undisputed, and the jury found that the accident occurred by reason of the negligence of Howard, driver of the truck involved, which proximately caused the accident. The liability questions are not contested in this appeal. The appellants contend, however, that the trial court erred in overruling appellants' objections and exceptions to the charge of the court because there is no evidence in the record that appellee suffered injuries in the collision proximately causing Mr. Daniels to sustain physical pain and suffering from the date of the accident to the date of the trial or in the future, that the evidence is insufficient to support the findings of the jury in that regard, that there is

no evidence to sustain the finding of mental anguish from date of the accident to date of trial or in the future, and that the evidence is insufficient to support such findings. Appellants further contend that the trial court erred in overruling appellants' motion for mistrial and request for instructions to disregard by reason of a statement made by appellee's attorney to the jury panel inquiring whether any member of the panel, as part of their job, adjusted claims.

The jury found damages in the sum of $4,645.23, including property damage, and the trial court rendered judgment in favor of appellee for that amount against Kingham Messenger and Delivery Service, Inc. and Kelly Travis Howard, appellants, with interest. From that judgment appeal has been properly perfected to this court.

The evidence shows that appellee was driving his 1957 Chevrolet inbound toward Houston on the Gulf Freeway in the lane next to the railing, when the truck on his right, driven by appellant, Howard, changed lanes and struck him on the right side of his vehicle. Mr. Howard was driving in the center lane of the freeway, did not see the Daniels car, and when he heard the horn sounded by Daniels it was too late to avoid the collision. Daniels, as stated, was struck from the right, and his car was moved against the guard rail on the left for inbound traffic toward the City of Houston. When asked what "happened" to him, Daniels stated that the left side of his head was injured, and his elbow, shoulder and knee were injured. He was wearing a seat belt and the seat belt held. The upper part of his body swung over the door, and the waist portion stayed in about the same position. Appellee stated that he worked from 4:00 to 12:00 that night, and when he got home he was sore in the areas of his neck and shoulder, but as far as being injured "it didn't occur to me." When he arose the next morning he was sore. He went to a chiropractor for treatment, because his neck, back and shoulders were stiff and his arms would get cold. The area of complaint to his back was in the lower back and hips. He received treatment from the chiropractor, Dr. Clark, two or three times a week in the beginning, and later he would go a week without a treatment. Over a period of six months to eighteen months his visits to the chiropractor continued. His visits continued until September or October of 1966. He stated that he stopped seeing the chiropractor because he could do the same thing at home by way of treatment for less money. He purchased a vibrator or a massage machine and used oil of wintergreen, Ben Gay and a heat lamp for home treatment thereafter. His wife applied the treatments quite often. His neck had gotten better to some extent, but he still had pain in his eye and the side of his head. His shoulder still bothered him, and his left arm and left leg from the back of the hip around the leg still hurt at the time of trial. His lower back bothered him only in times of severe strain. He did not miss any work as a result of the accident and as a result of the injuries to which he testified. Appellee stated that his injuries bothered him enough to take home treatment on the preceding Friday before the trial date. His injuries did not interfere with his sleep substantially at first, but later the injuries often caused him to awake, and when that happens, "I get my Ben Gay and oil of wintergreen and start rubbing." His testimony concerning the injuries was corroborated to some degree by his wife, and by the chiropractor, Dr. Clark, who testified that Daniels complained of drawing pain in his neck on movement and headaches, extending from his neck down between his shoulders, and that his arms felt heavy and his hands felt numb. Physical examination revealed traumatic injuries and abrasion to the left shoulder, and tenderness and secondary muscle spasm—deep articulating muscle of the cervical spine and dorsal spine. Dr. Clark stated that his patient responded slowly to treatment due to the type of injury, and

that final prognosis of recovery was undetermined as of July 19, 1966. Trial date was February 13, 1968.

We think the record clearly reflects that appellee suffered physical injuries as a proximate result of the accident in question, and that appellants' points of error that appellee suffered no personal injuries in the collision proximately causing physical pain, suffering and mental anguish from the date of the accident to date of trial must be overruled. Appellee was properly permitted to testify to the injuries he received, and his wife's testimony concerning his condition as she observed it was also admissible. See Commercial Standard Ins. Co. v. Allred, 413 S.W.2d 910, 913 (Tex.Sup.).

Moreover, recovery may be had for future physical pain, suffering and mental anguish if the evidence shows that there is a reasonable probability of such consequences. Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491; Coca Cola Bottling Co. of Fort Worth v. McAlister, 256 S.W.2d 654 (Tex.Civ.App.), no writ hist.; Verhalen v. Nash, 330 S.W.2d 676, 680 (Tex.Civ.App.), writ ref., n. r. e., and cases cited. The record shows that appellee's injuries had persisted over a period of approximately 2½ years, and that the injuries had bothered him sufficiently to take treatment on the Friday preceding the trial. The persisting nature of the injuries was further shown by the testimony of Dr. Clark, who treated appellee until some time in 1966.

Appellants, however, take the position that mental anguish may be implied only from *serious* bodily injury. See Brown v. Sullivan, 71 Tex. 470, 10 S.W. 288; Texas & N. O. R. Co. v. Cade, 351 S.W.2d 663 (Tex.Civ.App.), writ ref., n. r. e. While we cannot determine from the record just how serious appellee's injuries are, we do not believe that the cases cited by appellants exclude a situation such as this, where injuries have lasted for approximately 2½ years, and in all probability will continue to last until some time in the future. The record shows that appellee lost no time from work, failed to consult a medical doctor and had treated himself over a long period of time. But it is further clear from the evidence that appellee did have injuries which obviously caused pain and some degree of mental suffering. Mental suffering will be implied from illness, or injuries, accompanied by physical pain, and it may arise from a sense of discomfort or inconvenience. Turner v. McKinney, 182 S.W. 431, 435 (Tex.Civ.App.), writ ref.; Coca Cola Bottling Co. of Fort Worth v. McAlister, supra.

We cannot pass upon the credibility of the witnesses and the weight to be given such testimony, and we cannot say just how much of the sum fixed by the jury applied to future pain, suffering and mental anguish. But we believe that there was some evidence, and that it was in the province of the jury to determine the extent, if any, of such future pain, suffering and mental anguish. The trial court did not err in submitting the damage issue to the jury.

During the examination of the jury panel and prior to the commencement of introduction of evidence in this cause, counsel for appellee in propounding questions to prospective jurors, asked:

"Now is there anyone here today * * * who, as part of their job adjusts claims * * *"

Counsel for appellants immediately requested permission to approach the bench and after a discussion, appellants' attorney moved for a mistrial and dismissal of the panel of jurors, of alternatively, to inform the panel that appellants were not protected by insurance. The trial judge refused the request and overruled the motion. Appellants contend that such action was reversible error. We overrule appellants' contention. If the action of counsel in asking the question was error, it was harmless. The party appealing must also

show that it probably did cause the rendition of an improper judgment. See South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933, 941–942 (Tex.Civ.App.), writ ref., n. r. e., and cases cited.

The judgment of the trial court is affirmed.