The MILLERS CASUALTY INSURANCE COMPANY OF TEXAS et al.,
Appellant,

v.

Irma Lee FOWLER, Appellee.

No. 7282.

Court of Civil Appeals of Texas,
Beaumont.

Oct. 28, 1971.

Rehearing Denied Nov. 18, 1971.

Wm. Drew Perkins, Lufkin, for appellant.

John H. Seale, Jasper, Bill A. Martin, Newton, Robert Flournoy, Lufkin, for appellee.

DIES, Chief Justice.

This is a suit for damages arising out of an automobile collision between plàintiff (appellee), Irma Lee Fowler, and defendant, Donald Gene Brown. Defendant, Millers Casualty Insurance Company of Texas (appellant), insured plaintiff for injuries and damages occasioned by an uninsured motorist. Defendant Donald Gene Brown had no liability insurance. Trial was had to

a jury, following which, judgment was entered for plaintiff against Millers Casualty Insurance Company of Texas from which judgment this defendant has appealed.

Special Issue No. 12 is the damage issue and appellant contends there is no evidence or insufficient evidence to support the finding of future pain or future mental anguish.

The evidence shows after the automobile collision that plaintif was taken to a local clinic and on to the hospital. She received a severe cut on her leg which required surgical correction. That the injury caused her considerable pain and that, at the time of the trial (February 9, 1971), it "[s]till causes pain." The accident occurred July 31, 1970. That after she left the hospital, her physician continued to see her at regular intervals; and that at the time of her testimony, "sometime it give me real bad pain. I have a lot of soreness and stiffness." That following her injury she was on crutches for about four months. The records of Newton County Memorial Hospital reveal that the injury required "Operation: (1) Repair of gastrocnemius tendon (2) Short leg cast." We hold that this evidence sufficiently raised the issue of future pain and future mental anguish. Kingham Messenger & Delivery Serv., Inc. v. Daniels, 435 S.W.2d 270 (Tex.Civ. App., Houston-14th, 1968, no writ); Boddy v. Canteau, 441 S.W.2d 906, 915 (Tex.Civ. App., San Antonio, 1969, error ref. n. r. e.). The rule in Texas is stated by Justice Stephenson in V. J. Keefe, Inc. v. Huddleston, 459 S.W.2d 224, 228 (Tex.Civ.App., Beaumont, 1970, no writ):

"It is also well established in Texas that from the nature of a collision, the time spent in the hospital, the treatment by doctors and the medicine used and the nature of the injuries sustained at the time of the collision, it may be implied that physical pain and mental anguish was suffered." Citing authorities.

Dr. Jimmy D. Bussey's deposition was taken by appellant, Millers Casualty Insurance Company of Texas. He was not qualified as an expert witness, nor did plaintiff's attorney on cross-examination elicit his training or profession. When plaintiff's attorney offered the deposition in evidence, defendant Millers' attorney objected as follows:

"I have one objection to the doctor's records. This deposition does not qualify the doctor—I'll object to it on the basis the opinion predicate has not been laid for any opinion testimony the doctor might give in the deposition, and I would object to such portions of the deposition that does deal with his opinions."

This objection should have been sustained. When a witness is called to express his opinion on such matters as the diagnosis, causes and effects of injuries and disease, his qualifications, his training, and his experience should be fully explored. 2 C. McCormick & R. Ray, Texas Law of Evidence, § 1427 (2d ed. 1956).

In the deposition, the doctor was merely asked to attach "all records that you have in connection with such treatment, examination or hospital confinement, * * *" These records did not differ substantially from the hospital records which were received in evidence without objection. For that reason, we hold that there was no reversible error in failing to qualify Dr. Bussey.

In answer to Special Issue No. 9, the jury found that plaintiff "began to turn left when the vehicle being driven by Donald Gene Brown was attempting to pass her", but in Special Issue No. 10, found that this was not negligence. Appellant contends that by virtue of Article 6701d, § 68 (a), Vernon's Ann.Civ.St., the finding of the jury to Special Issue No. 9 became negligence as a matter of law. This contention has heretofore been rejected. Booker v. Baker, 306 S.W.2d 767, 773 (Tex. Civ.App., Dallas, 1957, error ref. n. r. e.).

We find no merit in the other points of error assigned, and they are overruled.

The judgment of the trial court is affirmed.