Travis HEMMENWAY, Appellant,

v.

Daniel SKIBO, Appellee.

No. 7480.

Court of Civil Appeals of Texas, Beaumont.

July 19, 1973.

Motion for Rehearing Overruled Aug. 16, 1973.

Kyle Wheelus, Jr., Weller, Wheelus & Green, Beaumont, for appellant.

Gilbert Adams, Jr., Adams & Browne, Beaumont, for appellee.

KEITH, Justice.

Defendant appeals from a judgment awarding damages for personal injuries sustained by plaintiff when he ran his motorcycle into the front end of defendant's pickup truck while it was parked upon the edge of the road. The jury convicted defendant of several acts of negligence and acquitted the plaintiff of contributory negligence. The parties will be designated as they appeared in the trial court.

Plaintiff has filed many motions attacking the jurisdiction of this court to hear the appeal because of procedural irregularities in perfecting the appeal. The inclusion of our discussion of the several motions will unduly extend this opinion and add nothing to the jurisprudence of the state. All of such motions are overruled for the reasons set out in the appendix to this opinion which we order not to be published. Rule 452, Texas Rules of Civil Procedure.

Having jurisdiction to hear and determine this appeal, we first direct our attention to defendant's Points 17, 18, 19, and 20 complaining of alleged errors in the charge. Each of these points is bottomed upon an objection to the court's charge and plaintiff has a motion to strike this facet of defendant's brief. Plaintiff's complaint is well taken and sustained although a brief recitation of the factual basis is necessary for an understanding of our action.

Plaintiff had twenty-five issues in the basic charge and defendant's objections thereto cover ninety-seven pages in our transcript. Each of these objections contained many subparagraphs so that when they were urged separately in the amended motion for new trial there were 369 assignments of error, taking up 143 pages in the transcript. This is an incredibly voluminous and prolix presentation in a simple traffic accident case.

■ Defendant neglects to point out the particular assignments in the amended motion which support the four points now under review as required by § (b), Rule 418, an omission which we ordinarily overlook. However, an examination of the points discloses that three are based upon objections to the charge which were carried over into the amended motion for new trial, while the fourth complains of the cumulative error of the first three. Thus, out of the great mass of legal verbiage so promiscuously showered upon the trial court, he brings, at most, four—out of 369 assignments—to our attention. We do not look favorably upon such a course of conduct in the trial of a case.

We are supported in our views by the very recent opinion of Justice Daniel in Monsanto Company v. Milam, 494 S.W.2d 534 (Tex., 1973).

The practice of obscuring a tenable objection in a mass of "formal, unfounded and trivial objections" has been condemned by our Supreme Court in McDonald v. New York Central Mutual Fire Ins. Co., 380 S.W.2d 545, 550 (Tex.1964). Such tactics, like unto the evasive tactics of the octopus which excretes large quantities of opaque fluid in seeking escape, are not to be encouraged by giving consideration to points of error based thereon. Here, defendant sought—and seeks—to avoid the judgment by escaping in a sea of ink. We refuse to permit such tactics to succeed and plaintiff's motion to strike such points is sustained.

Defendant's first eleven points of error relate to misconduct of counsel during the voir dire examination, the trial of the case, and in his argument to the jury. Since defendant also has a point of cumulative error, we will consider the points jointly.

The first challenged act occurred during the voir dire examination when plaintiff's counsel propounded this question to the panel:

"Has anyone ever worked for an insurance company, insurance adjusting com-

pany, investigated automobile accidents or any kind of personal injury accidents ?"

One member spoke up saying that he had been a policeman in another city charged with investigating automobile accidents. Defense counsel then, and for the first time, directed a motion for mistrial on the grounds that this was a deliberate injection of insurance into the trial, that an instruction would emphasize and aggravate the injury already inflicted, etc. The motion was overruled and the examination continued.

It is apparent, both from the question propounded to the panel and from plaintiff's response in his brief, that the question was carefully tailored to meet the holding of South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933, 941 (Tex. Civ.App., Austin, 1967, error ref. n. r. e.).[1]

Plaintiff argues in his brief that this question was not designed to inject insurance into the case but was a "good faith inquiry during voir dire examination into significant connections . . . with the insurance industry." But, as was said by Chief Justice Bell in Brockett v. Tice, 445 S.W.2d 20, 22 (Tex.Civ.App., Houston—1st Dist., 1969, error ref. n. r. e.): "There are other ways of questioning which can develop this fact without asking the question in that form before the whole panel."[2] Thomison was distinguished by Justice Bell.

In Johnson v. Reed, 464 S.W.2d 689, 692 (Tex.Civ.App., Dallas, 1971, error ref. n. r. e.), it was held that the denial of the right to propound such questions to the jury did not constitute reversible error. Finally, in A. J. Miller Trucking Company v. Wood, 474 S.W.2d 763, 766 (Tex.Civ.App., Tyler, 1971, error ref. n. r. e.), all of the foregoing cases were brought under consideration and the court held that the asking of such a question constituted reversible error. We are not required to make a choice among the contradictory authorities. This was not the only act of plaintiff's counsel which was challenged by the defendant in the trial court and here.

■ Defendant had pleaded that the plaintiff was intoxicated when he drove his motorcycle into defendant's truck; and, upon being questioned by his counsel, plaintiff was asked if he tried to hide the fact that he had had "two beers" on the evening before the accident and told the doctor and hospital attendants that he had drunk the beers.[3] Plaintiff's counsel continued:

"And did you tell Mr. Hemmenway's people when they came and took a sworn statement from you the next day? Did you tell them you had had two beers?

"Yes, sir."

Another question intervened and defendant's counsel then moved for a mistrial, the motion being overruled. Defendant con-

---

1. *Thomison* has been followed in Kingham Messenger & Delivery Serv., Inc. v. Daniels, 435 S.W.2d 270, 273–274 (Tex. Civ.App., Houston—14th Dist., 1968, no writ) ; Kollmorgan v. Scott, 447 S.W.2d 236, 238 (Tex.Civ.App., Houston—14th Dist., no writ) ; McDonough Brothers, Inc. v. Lewis, 464 S.W.2d 457, 464 (Tex. Civ.App., San Antonio, 1971, error ref. n. r. e.).

2. In *Brockett,* there was an immediate objection by the defendant, followed by an instruction by the court not to consider

the statement; but, notwithstanding the holding in *Thomison,* supra, later and other references to insurance were held to constitute reversible error.

3. Although defendant aptly points out that prior consistent statements are not admissible to corroborate a witness [see, e. g., authorities cited in 1 McCormick & Ray, Texas Law of Evidence §§ 773, 774, p. 553 (2d Ed., 1956)], he made no such objection to the evidence or to the questions propounded.

tends that this was another instance of the injection of insurance into the trial of the case.

The third complaint is based upon the argument of plaintiff's counsel to the effect that he had brought all of the evidence heard by the jury upon the trial and "[w]hen it became time for the defendants to put on the evidence, they rested. There was no proof, no witnesses." [4] Defendant objected and asked for an instruction to the jury to disregard the statement, but was overruled.

■ Plaintiff's counsel continued immediately:

"You know, one other time I remember the defendant didn't put on any evidence in a case was in the Gus Mutscher trial. When the State put on their evidence—" [5]

Plaintiff's counsel was interrupted by an objection to the effect that defendant was not accused of defrauding the state or anything of that nature, that it was highly improper to compare defendant to Mutscher. Defendant moved for an instruction to the jury to disregard the statement so made and for a mistrial. Both motions were overruled.

Finally, defendant complains of the concluding argument of plaintiff's counsel.

After restating his evaluation of the case as given in his opening argument and contrasting it with defendant's smaller evaluation thereof, he continued by saying:

"I don't want a judgment against this defendant over here and I am asking you, Ladies and Gentlemen, to answer this issue right here, this Issue No. 35 [the damage issue] . . . Ten Thousand Dollars and I am asking you to award him the medical expenses that he was out, Nineteen Hundred and Fifty-two Dollars and justice will be done in this case."

Defendant did not object to this argument but does complain by bill of exception that this argument emphasized the fact that defendant was covered by insurance at least to the extent of $10,000.

The jury answered Special Issue No. 35: $10,000 and fixed his hospital and medical expenses at $1952.80, but not before the jury passed a note to the trial judge and received his answer. [6]

■ We need not enter into a discussion of the "curable" and "incurable" types of argument [7] in determining that reversible error is presented by the first eleven points presented by defendant. We have already pointed to the split in the line of decisions controlling the voir dire complaint. At best, even the cases holding that the mere

4. The only witnesses to the accident called to testify were the parties and the defendant was called by plaintiff and examined extensively under the adverse party rule. The only other evidence was medical in nature.

5. We feel that we do not stretch the limits of judicial notice when we agree with the parties that this was a direct reference to the criminal trial of the former Speaker of the Texas House of Representatives who did not take the stand in his own defense or offer affirmative testimony upon the trial. The Mutscher trial was widely publicized at the time throughout the entire state. Cf. In re Laughlin, 153 Tex. 183, 265 S.W.2d 805, 808 (1954).

6. The questions propounded by the jury: "Exactly what amount of money is the plaintiff asking? Does the $10,000 include medical or what?" The trial judge answered: "The law does not permit me to answer this question."

7. Cf. Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200 (1951); Southern Pacific Company v. Hubbard, 156 Tex. 525, 297 S.W.2d 120, 125 (1956); Otis Elevator Company v. Wood, 436 S.W.2d 324, 333 (Tex.1968).

asking of the question is not reversible error, do not commend the practice. Almost all of the courts hold that the asking of the question is error; the principal difference in the holdings being whether it is reversible error. We prefer the decision of the Tyler court in the *Wood Case,* supra, 474 S.W.2d at 766, but do not base our decision thereon.

The question complained of in Point Three, about "Mr. Hemmenway's people" taking the sworn statement, is not so palpably injurious nor does it so clearly point to insurance coverage. Standing alone, we would have no hesitancy in saying that reversible error is not presented.

But plaintiff, having sued only Hemmenway, told the jury in no uncertain terms that he did not want a judgment against the named defendant—yet he sought a judgment for precisely the minimum limits of a policy of liability insurance complying with the provisions of the Safety Responsibility Law, Art. 6701h, Art. III, § 5(c), § 6, Vernon's Ann.Civ.St.

In making this argument, it is obvious that plaintiff's counsel had studied very carefully the case of Martinez v. Williams, 312 S.W.2d 742, 750 (Tex.Civ.App., Houston, 1958, no writ), and attempted to build the argument around the holding there made. Justice Werlein in *Martinez* was careful to point out that such argument was improper and calculated to inform the jury of insurance coverage of defendant. The only solace plaintiff can take from *Martinez* is from the holding there made that the error was not reversible error.

In this case, the question of liability was hotly contested and the jury could well have found for the defendant rather than the plaintiff. After all, defendant's truck was stopped almost off the roadway, albeit upon the left hand side thereof, with its headlights on the bright beam in the direction from which plaintiff approached upon

his motorcycle. Plaintiff successfully explained, to this jury at least, why he was so misled by these circumstances that he ran his motorcycle directly into the front end of the truck between the lighted headlamps. We do not have a *Martinez* type record where the jury ignored the argument and awarded $4000 (when plaintiff asked for $5000); this jury awarded precisely what plaintiff's counsel requested and tried their very best to be certain that they did not exceed defendant's coverage by interrogating the judge.

The reference to Gus Mutscher's trial was, at best, unfortunate; at worst, it aggravated an already tainted record. Had the trial judge sustained the objection and instructed the jury, the reference to Gus Mutscher could have passed from our record as harmless; instead, the overruling of the objection was calculated to impress the jury that the argument was permissible.

The cumulative effect of the several instances which we have enumerated herein leads us ineluctably to the conclusion that reversible error is presented which was not waived by any inaction on the part of the defendant during the trial. Howsley & Jacobs v. Kendall, 376 S.W.2d 562, 566 (Tex.1964). See also, Atchison, Topeka and Santa Fe Railway Co. v. Acosta, 435 S.W.2d 539, 549 (Tex.Civ.App., Houston —1st Dist., 1968, error ref. n. r. e.).

We have mentioned previously the fact that in at least two instances the plaintiff's counsel followed procedures which had been questioned in earlier instances; in other instances (e. g., the Gus Mutscher reference), his conduct was more spontaneous but equally questionable.

■ Brinksmanship in the field of jury argument is not to be commended. The careful advocate will better serve his profession—and his client—by following the acceptable standards governing counsel in

his courtroom appearances. When counsel chooses to follow prior precedents of doubtful merit, he does so at his own peril.

■ Trial courts, as well as appellate courts, have the duty of preventing trials from degenerating into what Chief Justice Calvert once denominated as " 'catch-as-catch-can, no-holds-barred' spectacle not unlike a modern wrestling match." Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856, 859 (1954).

The trial court submitted defensive issues of contributory negligence on the part of the plaintiff including proper lookout, excessive speed, failure to turn to the left, and if plaintiff was operating his motorcycle while under the influence of intoxicating liquor. Each primary issue having been answered favorably to plaintiff, no subsidiary issues of negligence or proximate cause were reached.

In this context, defendant contends that the trial court erred in refusing his requested issue tendering his "defensive theory of plaintiff's failure to make a timely application of his brakes." The theory was contained in the pleadings and the request was timely made.

■ Plaintiff's testimony with reference to the precise time when he applied his brakes was, at best, equivocal. Under these circumstances, it was error for the trial court to refuse the requested issue. The requested issue was not a part of either of the issues of proper lookout or excessive speed.[8] Whitfill v. Hunt, 387 S. W.2d 653, 655 (Tex.1965). It is apparent from a review of the record that had the plaintiff made a timely application of his brakes, there would have been no collision. It was an ultimate issue which was not submitted. Under Rule 277, as it existed at the time of the trial, the defendant was entitled to have such issue submitted.

We have reviewed the remaining points in defendant's brief and do not find reversible error. For the errors herein mentioned, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

---

8. The issue on driving while intoxicated is not, of and in itself, an ultimate issue.

Benoit v. Wilson, 150 Tex. 273, 239 S.W. 2d 792, 798 (1951).