Arthur REESE, Jr., Appellant,

v.

STANDARD FIRE INSURANCE COMPANY, Appellee.

No. 1744.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 7, 1978.

Rehearing Denied June 28, 1978.

Stevens F. Mafrige, George A. Sellnau, Houston, for appellant.

Edward J. Hennessy, Randall D. Wilkins, Thurlow & Hennessy, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment granted the appellant in his cross action for worker's compensation benefits.

Arthur Reese, Jr. (Reese or appellant) injured his lower back on March 14, 1975 while shoveling wet cement during the course and scope of his employment as a construction worker for P. G. Bell Company. He filed a claim for worker's compensation benefits, and he was awarded the sum of $3,648.10 by the Texas Industrial Accident Board. The worker's compensation insurance carrier, Standard Fire Insurance Company (Standard or appellee), sued in district court in a trial de novo to have the award set aside, and Reese filed a cross action for compensation benefits (including medical expenses). Reese appeals from a verdict and judgment in his favor in the amount of $2,278.91.

Reese contends, in his first point of error, that the jury argument made by Standard's attorney was so prejudicial as to deprive Reese of a fair and impartial hearing on the merits of the case. He argues, in this regard, that the jury was thereby caused to fix an amount of benefits that was neither authorized nor supported by the evidence. In order to constitute a basis for the reversal of a judgment, a jury argument "must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 599 (1953). An improper argument may be either curable or incurable. *Otis Elevator Company v. Wood*, 436 S.W.2d 324 (Tex.Sup.1968). If the harmful effect of the argument may be rendered harmless by the trial judge's instruction to disregard, the argument is considered curable. A party complaining of a curable argument waives the error if he fails to object to the argument promptly and request an instruction thereon. *Id.*

Standard's attorney made the following statements during his argument to the jury:

But that won't make this claim valuable enough. So, we have to run in Dr. Buning. Enter Dr. Buning, April 8, 1975, approximately three and a half weeks after this incident. Dr. Buning in Spring Branch, Mr. Reese, Astrodome. He drove by a thousand doctors between the Astrodome and Spring Branch. Aren't you curious as to why he went to Dr. Buning? Aren't you curious as to why Mr. Mafrige sent him to Dr. Buning? Does not a sham or a plot evolve out of all of this? What does Buning do then? Let's send him over to old Mort, give him the old 16891115 treatment. That's good. That looks good on paper. We can pump on him for about six or eight weeks, build those medical bills up real high. The higher the medical bills, obviously he has got to be hurt if he has got all of those medical bills. It will look good in front of a jury. Does not that make itself

abundantly clear to you? Does not that eat away at the credibility of this entire situation?

Those statements were not objected to by Reese's attorney, and, unless they constituted improper arguments of the incurable type, Reese waived any complaints he may have had regarding those statements. Standard's attorney later argued:

> Maybe you all feel like I am rationalizing. Maybe I am. But Mr. Reese, when he tells you he is hurt and can't do this and can't do that and will never ever be the same again, maybe Mr. Reese really believes that. And if he does, then he is telling the truth. But it is not credible, folks. It is not credible when you put all of these facts together, when you put in the Mafrige-Bachynsky-Buning combination . . . . .

Reese's attorney objected to those statements and was told by the trial judge that he could reply to them during his closing jury argument.

 The portions of the jury argument recited above would have been proper if they had been based upon evidence adduced during the course of the trial. No evidence was presented during trial, however, to show that Reese's attorney concocted "a sham or a plot" or to show that Reese had to drive by "a thousand doctors" before he found one who would cooperate in the "combination" by providing unnecessary treatment and inflating Reese's medical bills. The argument was, therefore, both improper and incurable. *Howsley & Jacobs v. Kendall*, 376 S.W.2d 562 (Tex.Sup.1964); *Sanders v. St. Paul Fire & Marine Insurance Company*, 429 S.W.2d 516 (Tex.Civ. App.—Texarkana 1968, writ ref'd n. r. e.); *Cross v. Houston Belt & Terminal Railway Company*, 351 S.W.2d 84 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.). Even in the absence of an objection, the trial court had a duty to require counsel to confine his argument strictly to the evidence and to the arguments of opposing counsel. *Hemmenway v. Skibo*, 498 S.W.2d 9 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.); Tex.R. Civ.P. 269(g). Standard asserts that the decision of this court in *Stott v. Houston Lighting and Power Company*, 453 S.W.2d

364 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), in which we held that a similar argument was curable, is controlling in this case. The *Stott* case is distinguishable from the present situation, however, since the statements made by counsel during oral argument in *Stott* found support in the evidence.

After a careful review of all the evidence that was presented during the trial, we have concluded that the improper argument made by Standard's attorney was reasonably calculated to cause and *probably* did cause the jury to enter findings regarding medical expenses incurred by Reese that were unsupported by the evidence and, therefore, probably did cause the rendition of an improper judgment in the case. *Cf., e. g., McGee v. Thomas*, 508 S.W.2d 191 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). Of course, our holding should not be construed as conclusively establishing that the jury findings were *in fact* unsupported by the evidence. Having sustained Reese's first point of error, we find it unnecessary to reach his other points, and we express no opinion thereon. The judgment of the district court is therefore reversed, and the case remanded for a new trial.

Reversed and remanded.