UNITED CAB CO., INC. and Glen Cane, Appellants,

v.

Ben MASON and Rose Mason, Appellees.

No. 01–88–00773–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

Rehearing Denied Sept. 14, 1989.

H. Lee Lewis, Jr., David A. Furlow, Griggs & Harrison, Houston, for appellants.

D. Craig Olivier, Olivier & Steidley, Houston, for appellees.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

## OPINION

O'CONNOR, Justice.

Ben and Rose Mason sued United Cab Co., Inc. and Glen Cane to recover damages they suffered in an automobile accident. Following a jury verdict, the trial court entered a judgment for plaintiffs against defendants for $232,955.

In their two points of error, defendants contend the trial court erred in denying their motion for mistrial. First, defendants argue plaintiffs' counsel violated the prohibition in Tex.R.Civ.P. 167a(c) against mentioning a party's willingness to submit to or right to request a physical examination. Second, they say plaintiffs injected insurance into the trial. Both points challenge the same colloquy between plaintiffs' counsel and plaintiffs' doctor, reproduced here:

> PLAINTIFFS' COUNSEL: Doctor, have you ever been requested to do an independent medical examination for other attorneys, be they plaintiffs or defendant attorneys, independent medical examinations *for insurance companies* or other parties?
>
> DOCTOR: That is part of my certification and disability evaluations. I can do disability evaluations for all kinds of companies, attorneys and so forth.
>
> PLAINTIFFS' COUNSEL: And you charge a fee to *their insurance company* or that defendant's attorney just like you charged a fee to me today?
>
> DOCTOR: I charge everybody the same.
>
> \* \* \* \* \* \*
>
> PLAINTIFFS' COUNSEL: *To your knowledge, did [defense counsel] ever seek an independent medical examination in this case?*
>
> DOCTOR: From me?
>
> DEFENSE COUNSEL: I will object to that.
>
> THE COURT: Sustained.
>
> DEFENSE COUNSEL: I ask that the jury be instructed to disregard it.
>
> THE COURT: The jury is instructed to disregard the question.
>
> PLAINTIFFS' COUNSEL: *Judge, will you take judicial notice that indepen-*

*dent medical examinations are available to all parties under the rules.*

THE COURT: Counsel, approach the bench.

[Off-the-record discussion.]

THE COURT: All right, Counsel, you may proceed.

PLAINTIFFS' COUNSEL: Dr. Cowart, you talked about spurring. Why is it that you would not see spurring immediately?

DOCTOR: [Responded with two-page answer about spurring.]

DEFENSE COUNSEL: May we approach the bench?

THE COURT: Come up.

[Off-the-record discussion.]

THE COURT: Sheriff, retire the jury. [Emphasis added.] After the trial court retired the jury, defense counsel made the following motion for mistrial:

> DEFENSE COUNSEL: The attorney for the plaintiff asked the question of Dr. Cowart concerning the fact that he performed independent medical examinations for one of the answers he elicited from him or his question was: Did he do independent examinations for insurance companies and his response was yes. Almost immediately thereafter the attorney representing the plaintiff stood up and asked the court, in the presence of the jury, would the court take judicial notice that I, as the attorney for the defendant, could have had an independent medical choice of my own if I so desired.
>
> Number one, this has injected insurance into the case because of the way it was presented by the attorney for the plaintiff and immediately afterwards the doctor said he did an independent medical examination for insurance companies.
>
> The question was asked by one of the attorneys in the court to take judicial notice that I could have an independent medical examination of the plaintiff if I had so chosen. This by merely—by the mere timing of the question certainly infers that the insurance company is in-

volved and that I represent the insurance company.

> For those reasons, the defendant will ask for a mistrial and that any instructions by the court could not possibly cure the damage that has already been done.

## I. VIOLATION OF RULE 167a(c).

■ In their first point of error, defendants contend the trial court erred in denying them a mistrial after plaintiffs' counsel violated rule 167a(c). In response, plaintiffs argue defendants did not preserve the error because the only objection in the motion for mistrial was the injection of insurance, not the violation of rule 167a(c).

When a party's physical condition is at issue, rule 167a(c) permits the trial court to order that person to submit to a physical examination. If neither party requests an examination, rule 167a(c) prohibits the party from telling the jury that he was willing to submit to an examination, that the other party had a right to request an examination, or that the other party did not request an examination.

■ To preserve error, a party must state the specific grounds for objection. Tex.R.App.P. 52(a); Tex.R.Civ.Evid. 103(a)(1); *In re Bates,* 555 S.W.2d 420, 432 (Tex.1977). A specific objection enables the trial court to understand the precise grounds so as to make an informed ruling. *McKinney v. National Union Fire Ins. Co. of Pittsburgh,* 772 S.W.2d 72, 74 (1989) (op. on reh'g). Even if inartfully stated, the courts will allow an objection that apprises the trial court of the reason for the objection. *Id.* at n. 3. An objection should identify the objectionable part of the question or answer and the rule that the court will violate if it admits the evidence. *Burleson v. Finley,* 581 S.W.2d 304, 310 (Tex.App.—Austin 1979, writ ref'd n.r.e.).

In this case, defendants did not state any reason for their objection until their motion for mistrial. In response to the first reference to defendants' right to request a medical examination, defendants said they objected, and asked the court to strike. In response to the reference to judicial notice, defendants did not ask the court to strike.

In the motion for mistrial, defendants said they objected to plaintiffs' statement because it introduced insurance into the trial. On this record, defendants did not object that plaintiffs violated rule 167a(c). Defendants' objection preserved the issue of insurance, not the violation of rule 167a(c). Because they never informed the trial court of their rule 167a(c) objection, they waived it. *Jones v. LaFargue*, 758 S.W.2d 320, 324 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

We overrule the first point of error.

## II. INJECTION OF INSURANCE.

Defendants' second point of error asserts the trial court erred in denying their motion for mistrial after plaintiffs' counsel improperly injected insurance into the trial. Plaintiffs respond that there was no error; but, if error, it was invited; and if not invited, it was harmless.

The Texas Rules of Civil Evidence restrict the admission of evidence of liability insurance:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another issue, such as proof of agency, ownership, or control, if disputed, or bias or prejudice of a witness.

Tex.R.Civ.Evid. 411.

■ In their brief, defendants refer to plaintiffs' "deliberate and repeated efforts" to inject insurance into the trial. Yet, the only instances defendants identify are in the above excerpt. Plaintiffs respond that the reference "their insurance company" is to the previous question and not to defendants' insurance company. Although the reference is not clear, we assume for the purposes of discussion that it was an injection of insurance into the trial.

■ Even if the injection of insurance into a trial is always error, that alone does not require reversal contrary to defendants' assertion that it is reversible error

*per se*. The Texas Supreme Court responded to a similar argument in *Dennis v. Hulse*, 362 S.W.2d 308 (Tex.1962):

> Respondent argues that the mention of insurance always requires a reversal of the case, because the error is regarded as incurable. We do not agree. When the courts say that an error is incurable, they usually mean that instructions or other curative measures that might be attempted by either the court or counsel will not eliminate the danger of prejudice. Under our practice an appellate court is not authorized to reverse merely because the record discloses some error that is reasonably calculated to cause a miscarriage of justice. The party appealing must also show that it probably did cause the rendition of an improper judgment in the case.

*Dennis*, 362 S.W.2d at 309. The Texas Rules of Appellate Procedure continue to require a showing of harm from any error before the judgment may be reversed. Tex.R.App.P. 81(b)(1); *see also Atchison, Topeka & Sante Fe Ry. v. Acosta*, 435 S.W.2d 539, 549 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) ("not every casual or inadvertent reference to insurance ... will necessitate a mistrial").

In cases in which the courts reversed the judgment because of a reference to insurance, the likelihood of harm was greater than that here. *See Hemmenway v. Skibo*, 498 S.W.2d 9, 11–14 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.) (cumulative error required reversal; questions to jury on voir dire about connections to the insurance industry; statements inferring the defendant was insured during examination of the plaintiff and in closing argument; other objectionable argument); *A.J. Miller Trucking Co. v. Wood*, 474 S.W.2d 763, 764 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.) (questions and follow-up questions to jury during voir dire about insurance); *Brockett v. Tice*, 445 S.W.2d 20, 21–22 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) (three different references to insurance during the trial); *Atchison, Topeka & Sante Fe Ry.*, 435 S.W.2d at 549 (repeated reference to an "adjuster" during final arguments); *Green v. Ligon*, 190 S.W.2d 742,

748 (Tex.Civ.App.—Fort Worth 1945, writ ref'd n.r.e.) (questions to jury during voir dire about insurance and evidence that jury considered insurance in deliberations).

Defendants did not establish that the mention of insurance was "reasonably calculated to cause and probably did cause rendition of an improper judgment in the case." Tex.R.App.P. 81(b)(1).

We overrule defendants' second point of error and affirm the judgment.

### ON MOTION FOR REHEARING

The appellants complain that our holding in this case is in conflict with our prior holding in *C.E. Duke's Wrecker Serv., Inc. v. Oakley*, 526 S.W.2d 228 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). There, we held that the trial court committed reversible error in allowing the plaintiff to testify, in violation of Tex.R.Civ.P. 167a, that she had been willing to be examined by anyone chosen by the defendant about the nature of her injuries. 526 S.W.2d at 232.

The circumstances in *C.E. Duke's Wrecker Service*, are distinguishable from those in the instant case. In that case, the plaintiff's counsel asked his client if she would be willing to submit to an examination by any doctor whom the defendant might select, and the defendant specifically objected to the question. The trial court overruled the objection and permitted the plaintiff to answer "Yes."

In this case, the plaintiffs failed to preserve the error by making a specific objection relating to the medical examination question. Thus, there is no conflict between our opinion in this case and our earlier decision in *C.E. Duke's Wrecker Service*.

The motion for rehearing is overruled.